UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

JORGE LUIS SINTI SANGAMA,

Petitioner,

v.

No. 6:26-CV-00034-H

WARDEN, EDEN DETENTION
CENTER,

Respondent.

## ORDER

Petitioner's domestic partner filed a petition for writ of habeas corpus on his behalf. Dkt. No. 1. The Court found that the case could not proceed as filed by Petitioner's partner and provided Petitioner with an opportunity to pursue habeas relief on his own behalf. Dkt. No. 4. Now, as explained below, the Court finds that the petition must be dismissed because Petitioner has failed to cure the filing deficiencies. Alternatively, it appears that the petition is moot.

On February 5, 2026, the Court entered an order and notice of deficiency requiring Petitioner to file an amended petition on the proper form within 30 days if he wanted to pursue habeas relief. Dkt. No. 4. The Court warned Petitioner that failure to comply could result in the dismissal of this case. *Id.* Petitioner did not respond to or comply with the February 5 order.

Federal Rule of Civil Procedure 41(b) authorizes the district court to dismiss an action sua sponte for failure to prosecute or to comply with a court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash Railroad*, 370 U.S. 626, 629–30 (1962).

This case cannot proceed because Petitioner has not cured the filing deficiencies or otherwise shown any interest in pursuing his claims. The Court, therefore, finds that Petitioner's petition for writ of habeas corpus should be dismissed without prejudice for want of prosecution and for failure to comply with the Court's prior orders.

Alternatively, the Court takes judicial notice of the publicly available automated case information provided by the Executive Office of Immigration Review, which reflects that Petitioner was granted voluntary departure on February 5, 2026.[1] Additionally, the online detainee locator system maintained by the United States Immigration and Customs Enforcement (ICE) indicates that Petitioner is no longer in ICE custody.[2] Thus, it appears that the petition is subject to dismissal as moot.

So ordered.

The Court will enter judgment accordingly.

Dated April 6, 2026.

_____
JAMES WESLEY HENDRIX
United States District Judge

---

[1] https://acis.eoir.justice.gov/en/caseInformation (last checked Apr. 6, 2026).

[2] https://locator.ice.gov/odls/#/search (last checked Apr. 6, 2026).

2